**Norman David SOMERVILLE, Petitioner,**

v.

**FEDERAL BUREAU OF PRISONS and Harry G. Lappin, Respondents.**

**Civil Action No. 5:07–251–JMH.**

United States District Court, E.D. Kentucky, Central Division at Lexington.

Nov. 13, 2008.

Norman David Somerville, Lexington, KY, pro se.

Andrew Louis Sparks, U.S. Attorney's Office, Lexington, KY, for Respondents.

---

## ORDER

JOSEPH M. HOOD, Senior District Judge.

Petitioner Norman David Somerville has filed a Motion to Alter or Amend Judgment. [R. 31] The Respondents have not filed a response to the motion within the time permitted by the Local Rules of this Court.

In his Motion, Petitioner first asks the Court to amend the Judgment entered in this case to specifically state that the Court finds that the Federal Bureau of Prisons' Program Statement 5162.04 to be invalid. The Court's Memorandum Opinion and Order and Judgment does not reach so far. The Court's jurisdiction is limited to the case or controversy presented to it by the petitioner. As the Court noted in its Memorandum Opinion and Order, "Somerville's challenge under the APA is to BOP Program Statement 5162.04's inclusion of a conviction under Section 922(*o*) for possession of a machine gun as a 'crime of violence' in all cases." [R. 27 at pgs. 6–7] In deciding that question, the Court explained that "Program Statement 5162.04's inclusion of a conviction under Section 922(*o*) for possession of a machine gun as a 'crime of violence' is an impermissible construction of Section 924(c)(3) under established Sixth Circuit precedent." [R. 27 at pg. 10] The validity of the remainder of Program Statement 5162.04—with respect to other crimes, internal BOP procedures, or provisions other than the notification provisions of Section 4042(b)—were simply not before the Court. The operative provision of the Judgment entered by the Court aptly set forth this holding: "Petitioner Norman David Somerville's conviction under 18 U.S.C. § 922(*o*) for possession of a machine gun is not a conviction for a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3), and therefore the Bureau of Prisons' obligations under 18 U.S.C.

§ 4042(b) are not triggered." Petitioner's motion will therefore be denied.

Petitioner also requests recovery of the $350 filing fee from the Respondent as an element of costs under Rule 54(d)(1). An alleged right to recover costs is a separate matter which does not undermine the validity of the judgment, and hence is not properly raised in a motion filed under Rule 59. If petitioner seeks the recovery of costs, he is directed to file an appropriate motion in compliance with the Local Rules of this Court and the applicable federal statutes. Petitioner's request for costs must therefore be denied without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Petitioner's Motion to Alter or Amend Judgment [R. 31] is **DENIED.**